**3**

Lucas Garcia - SBN: 260954
Law Offices of Stephen Johnson
251 Auburn Ravine Rd
Suite 107
Auburn, CA 95603
Ph: 530-823-3655
E-mail: lawoffice13620@gmail.com

Attorney for Raymond Stephen Miles

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RAYMOND STEPHEN MILES<br><br>, debtor | Case No. 13-33436<br>DCN: LBG-002<br>Chapter 13<br>Hearing Date: October 17, 2017<br>Hearing Time: 1:00PM<br>Hon. Christopher Jaime<br>Courtroom: 32 |

## MOTION TO CONFIRM FIRST MODIFIED

## PLAN DATED SEPTEMBER 5, 2017

Lucas Garcia, counsel for Raymond Stephen Miles, the Debtor herein, hereby moves this Court for an Order Confirming the Debtor's First Modified Chapter 13 Plan Dated September 5, 2017. This motion is based on the following facts:

1. This case was originally filed on October 17, 2013 and Jan Johnson has been duly appointed to serve as Trustee.

2. The §341 Meeting of Creditors has been concluded and the Debtor's Chapter 13 Plan was confirmed on March 28, 2014.

Motion                                                              1

3. Since the confirmation of the Plan, the debtors spouse had a job loss (See the <u>Declaration in Support of Motion for Order Confirming the Debtor's First Modified Chapter 13 Plan Dated September 5, 2017</u>, filed concurrently with this Motion). As a result, the Debtor's Plan must be modified.

4. The Proposed First Modified Chapter 13 Plan is attached hereto as Exhibit #1.

5. The Proposed First Modified Chapter 13 Plan has been proposed in good faith and continues to propose to pay the allowed unsecured claims an amount not less than what they would have received if the estate of the Debtor had been liquidated under the provisions of Title 11 US Codes, Chapter 7.

6. The Debtor has no Domestic Support Obligations, as defined.

7. Pursuant to 11 US Codes §1308, the Debtor has filed all applicable Federal, State and Local tax returns.

8. This Motion for an Order Confirming the Debtor's First Modified Chapter 13 Plan Dated September 5, 2017 is made pursuant to 11 USC §1329[1].

---

[1] Section 1329 of Title 11, US Codes, provides
(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
  (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
  (2) extend or reduce the time for such payments;
  (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
  (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that—
    (A) such expenses are reasonable and necessary;
    (B) (i) if the debtor previously paid for health insurance, the amount is not materially larger than the cost the debtor previously paid or the cost necessary to maintain the lapsed policy; or
      (ii) if the debtor did not have health insurance, the amount is not materially larger than the reasonable cost that would be incurred by a debtor who purchases health insurance, who has similar income, expenses, age, and health status, and who lives in the same geographical location with the same number of dependents who do not otherwise have health insurance coverage; and
    (C) the amount is not otherwise allowed for purposes of determining disposable income under section 1325(b) of this title; and upon request of any party in interest, files proof that a health insurance policy was purchased.
(b) (1) Sections 1322(a), 1322(b) and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
  (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
(c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

## RESTATEMENT

WHEREFORE, the Debtor requests that the Court confirm the Debtor's First Modified Chapter 13 Plan.


Respectfully submitted on September 5, 2017,

/s/ *Lucas Garcia*
Lucas Garcia
Law Offices of Stephen Johnson